# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL SANDERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3-09:CV1940-O |
| | § | |
| WATERWOOD NATIONAL | § | |
| ASSOCIATES, L.P.; CLUB | § | |
| CONSULTANTS, INC.; AND GHS | § | |
| PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendants. | § | |

---

## GHS PROPERTY & CASUALTY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM

---

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP

E. Stratton Horres, Jr.
State Bar No. 10011800
Lee L. Cameron, Jr.
State Bar No. 03675380
Bank of America Plaza
901 Main Street
Suite 4800
Dallas, Texas 75202
Telephone: (214) 698-8000
Facsimile: (214) 698-1101

ATTORNEYS FOR DEFENDANT
GHS PROPERTY & CASUALTY
INSURANCE COMPANY

**TABLE OF CONTENTS**

**PAGE(S)**

I.  SUMMARY ........................................................................................................1

II.  BACKGROUND ...............................................................................................2

    A.  The Plan .....................................................................................................2
    B.  Undisputed Facts.......................................................................................2
    C.  Michael Sanders' Alleged Accident ........................................................3
    D.  Sanders Did Not Sue GHS Property & Casualty for Over Three Years..............3

III.  ARGUMENT AND AUTHORITIES ...............................................................3

    A.  Rule 12(b)(6) Standard ............................................................................3
    B.  Plaintiff's State Law Claims are Preempted by ERISA...........................4

        1.  Overview of ERISA Preemption .................................................4
        2.  The Policy at Issue is an ERISA Plan.........................................5
        3.  Plaintiff's Claims "Relate To" the Plan ......................................6

    C.  Regardless, the Civil Enforcement Remedies of ERISA are Exclusive .................8

    D.  Plaintiff's Claims Should be Dismissed Because GHS Property& Casualty is Not a Proper Party to This Case ...........................................8

    E.  Alternatively, Texas' Two-Year Statute of Limitations Expired Before Plaintiff filed his Action against GHS Property & Casualty ......................9

        1.  Sanders' Claims are Subject to Texas' Two-Year Limitations Period...........................................................................10
        2.  Sanders' Claims Accrued on February 1, 2007 and Expired on February 2, 2009 .........................................................10
        3.  Plaintiff's Complaint Does Not Relate Back ..............................11

    F.  No Grounds for Tolling ............................................................................13

        1.  No Pleaded Basis for Tolling.......................................................13
        2.  No Basis for Equitable Tolling ....................................................13

IV.  CONCLUSION..................................................................................................14

V.  PRAYER ............................................................................................................14

TABLE OF AUTHORITIES

CASE                                                                       PAGE(S)

*Alexander v. Turtur & Assocs.*,
146 S.W.3d 113 (Tex. 2004) ...................................................................12

*Arana v. Ochsner Health Plan*,
338 F.3d 433 (5th Cir. 2003) ...............................................................4, 7

*Barrientos v. Reliance Standard Life Ins. Co.*,
911 F.2d 1115 (5th Cir. 1990) ................................................................7

*Bell Atlantic Corp. v. Twombly*,
_ U.S. _, 127 S.Ct. 1955, (2007) ...........................................................3

*Blackburn v. City of Marshall, Tex.*,
42 F.3d 925 (5th Cir. 1995) ....................................................................3

*Boren v. N.I. Industries, Inc.*,
889 F.2d 1463 (5th Cir. 1989) ................................................................4

*Cathey v. Metropolitan Life Ins. Co.*,
805 S.W.2d 387 (Tex. 1991) ...............................................................5, 8

*Cefalu v. B.F. Goodrich Co.*,
871 F.2d 1290 (5th Cir. 1989) ................................................................5

*Coleman v. Johnson*,
184 F.3d 398 (5th Cir. 1999) .................................................................13

*Cothrum Drilling Co. v. Partee*,
790 S.W.2d 796 (Tex. App.—Eastland 1990) ........................................12

*Cousin v. Lensing*,
310 F.3d 843 (5th Cir. 2002) .................................................................13

*Doe v. Linam*,
225 F. Supp. 2d 731 (S.D. Tex. 2002) .....................................................3

*Ellis v. Great Southwestern Corp.*,
646 F.2d 1099 (5th Cir. 1981) ................................................................9

*Ellis v. Liberty Life Ins. Assurance Co. of Boston*,
394 F.3d 262 (5th Cir. 2004) ..................................................................7

*Fisher v. Westmont Hospitality,*
935 S.W.2d 222 (Tex. App. —Houston [14 Dist.] 1996, no writ) ...............................................11

*Garren v. John Handcock Mut. Life Ins. Co.,*
114 F.3d 186 (11th Cir. 1997) ...........................................................................................8, 9

*Hermann Hosp. v. MEBA,*
845 F.2d 1286 (5th Cir. 1988) ...............................................................................................7

*Hernandez v. Jobe Concrete Prods., Inc.,*
282 F.3d 360 (5th Cir. 2002) .................................................................................................5

*Hogan v. Kraft Foods,*
969 F.2d 142 (5th Cir. 1992) .................................................................................................6

*In re Katrina Canal Breaches Litigation,*
495 F.3d 191 (5th Cir. 2007) .................................................................................................3

*Ingersoll-Rand Co. v. McClendon,*
498 U.S. 133 (1990) ...............................................................................................................5

*Jackson v. Johnson,*
950 F.2d 263 (5th Cir. 1992) ...............................................................................................12

*Jones v. Alcoa, Inc.,*
339 F.3d 359 (5th Cir. 2003) .........................................................................................11, 13

*Kansa Reinsurance v. Congressional Mortg. Corp.,*
20 F.3d 1362 (5th Cir. 1994) ...............................................................................................13

*Kopecki v. City of Corpus Christi,*
2007 U.S. Dist. LEXIS 6513 (S.D. Tex.) .............................................................................12

*Layes v. Mead Corp.,*
132 F.3d 1246 (8th Cir. 1998) ..........................................................................................8, 9

*Lovato v. Austin Nursing Center, Inc.,*
113 S.W.3d 45 (Tex. App.—Austin 2003) ...........................................................................12

*McNeil v. Time Ins. Co.,*
205 F.3d 179 (5th Cir. 2000) .......................................................................................5, 6, 7

*Medina v. Lopez-Roman,*
49 S.W.3d 393 (Tex. App.—Austin 2000, pet denied) ........................................................10

iii

*Mello v. Sara Lee Corp.*,
292 F. Supp. 2d 902 (N.D. Miss. 2003) ........................................................8, 9

*Meredith v. Time Ins. Co.*,
980 F.2d 352 (5th Cir. 1993) ......................................................................6

*Metropolitan Life Ins. Co. v. Massachusetts*,
471 U.S. 724 (1985) ..................................................................................6

*Metropolitan Life Ins. Co. v. Taylor*,
481 U.S. 58 (1987) ................................................................................4, 6

*Musmeci v. Schwegmann Giant Super Markets, Inc.*,
332 F.3d 339 (5th Cir. 2003) ...................................................................8, 9

*NGS American, Inc. v. Barnes*,
998 F.2d 296 (5th Cir. 1993) ......................................................................4

*Pilot Life Ins. Co. v. Dedeaux*,
481 U.S. 41 (1986) ................................................................................4, 6

*Potter v. Kaufman & Broad Home Sys. of Tex., Inc.*,
137 S.W.3d 701 (Tex. App.—San Antonio 2004, no pet.) .........................................10

*Ramirez v. Inter-Continental Hotels*,
890 F.2d 760 (5th Cir. 1989) ....................................................................5, 7

*Ramos v. Levingston*,
536 S.W.2d 273 (Tex. Civ. App. 1976) .............................................................12

*S.V. v. R.V.*,
933 S.W.2d 1 (Tex. 1996) ..........................................................................10

*Schaefer v. Gulf Coast Regional Blood Center*,
10 F.3d 327 (5th Cir. 1994) ........................................................................9

*Seibert v. General Motors Corp.*,
853 S.W.2d 773 (Tex. App.—Houston [14th Dist.] 1993, no writ) ................................11

*Seibert v. Sally*,
238 S.W.2d 266 (Tex. Civ. App.—Galveston 1951, no writ) ......................................11

*Shaw v. Delta Air Lines, Inc.*,
463 U.S. 85 (1983) ..................................................................................6

iv

*Slack v. Carpenter*,
7 F.3d 418 (5th Cir. 1993) ............................................................................10

*St. Luke's Episcopal Hosp. Corp. v. Stevens Transport, Inc.*,
172 F. Supp. 2d 837 (S.D. Tex. 2001) .............................................................7

*Stewart v. Cleburne Police Dept.*,
No. 3:08-CV-0230-G, 2008 WL 4454048
(N.D. Tex. Oct. 3, 2008) ...........................................................................3, 11

## RULES

TEX. CIV. PRAC. & REM. CODE § 16.003(a) ...................................................9, 10

TEX. CIV. PRAC. & REM. CODE § 16.068 ..........................................................12

## STATUTES

29 U.S.C. § 1002.............................................................................................9

29 U.S.C. § 1132.............................................................................................2

29 U.S.C. § 1132(d)(2) ....................................................................................8

29 U.S.C. § 1144.............................................................................................4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL SANDERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3-09:CV1940-O |
| | § | |
| WATERWOOD NATIONAL | § | |
| ASSOCIATES, L.P.; CLUB | § | |
| CONSULTANTS, INC.; AND GHS | § | |
| PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendants. | § | |

## GHS PROPERTY & CASUALTY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM

COMES NOW, GHS Property & Casualty Insurance Company ("GHS Property & Casualty") and files this Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim, and in support respectfully shows the Court as follows:

### I. SUMMARY

In his Amended Original Petition, Plaintiff brings a cause of action against all defendants for negligence and a cause of action for breach of contract against Defendant Waterwood National Associates, L.P. for the failure to pay medical bills and lost wage benefits under his employer Waterwood's employee welfare benefit plan, funded by an occupational accident policy issued by GHS Property & Casualty (the "Policy"). Thus, Plaintiff's state law claims unequivocally relate to an employee welfare benefit plan regulated by the Employee Retirement Income Security Act of 1974 ("ERISA"). As such, these claims are completely preempted and must be dismissed. Additionally, and in the alternative, Sanders' claims against GHS Property &

Casualty should be dismissed because GHS Property & Casualty is not a proper party to this lawsuit.

Should the Court decline to dismiss this case on the grounds of ERISA preemption or on the basis that GHS Property & Casualty is not a property party, Texas' two-year statute of limitations applies. According to his Amended Original Complaint, Sanders had an independent cause of action against all defendants, including GHS Property & Casualty, which accrued on February 1, 2007. Beginning on that date, and for two years thereafter, he could have filed suit against GHS Property & Casualty. He did not do so. Because he did not file his complaint against GHS Property & Casualty until February 8, 2010, well over two years after his cause of action allegedly accrued (in fact, over three years after), his claims are time-barred and must be dismissed.

## II. BACKGROUND

### A.    The Plan

The Plan at issue constitutes an "employee welfare benefit plan," as that term is defined by Section 3(1) of ERISA. Sanders' claims in this case relate to the Plan and are, therefore, completely preempted by ERISA. Because his sole and exclusive remedies are set forth in 29 U.S.C. § 1132, his state law claims should be dismissed, with prejudice, for failure to state a claim upon which relief can be granted.

### B.    Undisputed Dates

The following dates are undisputed for purposes of this Motion:

| DATE | ACTION |
|---|---|
| February 1, 2007 | Michael Sanders' alleged accident occurs.[1] |
| February 8, 2010 | Michael Sanders' sues GHS Property & Casualty for the first time. |

---

[1] *See* Plaintiff's Amended Original Complaint, at § IV, p. 2.

GHS PROPERTY & CASUALTY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - 2
532879.1
2

**C.     Michael Sanders' Alleged Accident**

Michael Sanders alleges that he was injured in an accident on February 1, 2007.  The two-year statute of limitations for personal injury claims arising out of that accident expired on February 2, 2009 (January 31, 2009 fell on a Saturday).

**D.     Sanders Did Not Sue GHS Property & Casualty for Over Three Years**

Michael Sanders brought his cause of action against GHS Property & Casualty on February 8, 2010, nearly three years after his cause of action accrued

## III. ARGUMENT AND AUTHORITIES

**A.     Rule 12(b)(6) Standard**

"To survive a Rule 12(b)(6) motion, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, _ U.S. _, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)), *cert. denied*, _ U.S. _, 128 S.Ct. 1230, 170 L.Ed.2d 63 (2008). Dismissal is proper, however, if the complaint does not allege a required element necessary to obtain relief. *Blackburn v. City of Marshall, Tex.*, 42 F.3d 925, 931 (5th Cir. 1995).   Here, Plaintiff's Amended Original Complaint does not allege claims for which relief is possible, as a matter of law, because all of the state law claims alleged are completely preempted by ERISA.

Although a defendant usually bears the burden of pleading and proving affirmative defenses such as statute of limitations, where a plaintiff's pleadings make clear that a claim is time-barred, dismissal under Rule 12(b)(6) is appropriate. *See Stewart v. Cleburne Police Dept.*, No. 3:08-CV-0230-G, 2008 WL 4454048, at *2-*3 (N.D. Tex. Oct. 3, 2008) (mem. op.) (Fish, J.) (dismissing claims as barred by Texas' two-year limitations period); *see also Doe v. Linam*, 225 F. Supp. 2d 731, 734 (S.D. Tex. 2002) ("A Rule 12(b)(6) motion to dismiss for failure to

state a claim is the proper vehicle by which to assert a limitations defense where a plaintiff's complaint shows affirmatively that his claims are time-barred."). Plaintiff's Amended Original Complaint shows affirmatively on its face that his claims are time-barred. Thus, dismissal is appropriate under Rule 12(b)(6).

**B.** **Plaintiff's State Law Claims are Preempted by ERISA**

Because Plaintiff's state-law claims are completely preempted by ERISA, they must be dismissed.

      **1.** *Overview of ERISA Preemption*

All of Plaintiff's claims, including those against GHS Property & Casualty, are preempted by ERISA, even though he has not alleged a claim under the Federal statute. Under the well-pleaded complaint rule, a cause of action raises a federal question only when the plaintiff's own statement of its case shows that it is based on the laws or Constitution of the United States. *Arana v. Ochsner Health Plan*, 338 F.3d 433, 437 (5th Cir. 2003). There is an exception to the well-pleaded complaint rule, however, in those instances where Congress has so completely preempted an area that any civil complaint arising in that area, even if it pleads state law claims only, "is necessarily federal in character." *Id.* at 437; *Boren v. N.I. Industries, Inc.*, 889 F.2d 1463, 1465 (5th Cir. 1989) (both quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987)). It is well-settled that ERISA is one such area that completely preempts all state law claims within its scope. *Metropolitan Life*, 481 U.S. at 62-66.

Section 514(a) of ERISA mandates that the statute's provisions "supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). The express preemption provisions of ERISA are deliberately expansive and designed to establish the regulation of employee benefit plans as an area of exclusively federal concern. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46 (1986); *NGS American, Inc. v. Barnes*,

998 F.2d 296, 298 (5th Cir. 1993). Due to the breadth of the preemption clause and the broad remedial purpose of ERISA, few state laws are found to be beyond the scope of the preemption provision. *Cathey v. Metropolitan Life Ins. Co.*, 805 S.W.2d 387, 390 (Tex. 1991) (citing *Cefalu v. B.F. Goodrich Co.*, 871 F.2d 1290, 1294 (5th Cir. 1989)).

Courts in this circuit use a two-part test to establish whether a state law claim is preempted by ERISA. *Hernandez v. Jobe Concrete Prods., Inc.*, 282 F.3d 360, 362 n.3 (5th Cir. 2002); *McNeil v. Time Ins. Co.*, 205 F.3d 179, 189 (5th Cir. 2000). The first part of the test is a determination of "whether the benefit plan at issue constitutes an ERISA plan." *Hernandez*, 282 F.3d at 362 n.3. If so, then the next inquiry is "whether the claims 'relate to' the plan." *Id.* (citing *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 138-40 (1990)). State law claims that "relate to" an ERISA plan are preempted by the federal statue and must be dismissed. *McNeil*, 205 F.3d at 189, 192; *Ramirez v. Inter-Continental Hotels*, 890 F.2d 760, 764 (5th Cir. 1989). Here, the two-part test clearly establishes that Plaintiff's claims are preempted by ERISA and must be dismissed.

### 2.   *The Policy at Issue is an ERISA Plan*

Plaintiff's claims satisfy the first part of the two-part test because the Policy at issue is part of an ERISA plan. To determine whether a particular employee welfare plan qualifies as an ERISA plan, courts in this circuit use a three-step inquiry that has evolved from the relevant case law. *McNeil*, 205 F.3d at 189. Under this inquiry, a benefits plan is deemed an ERISA plan if all of the following requirements are met:

(1)   the plan exists;
(2)   it does not fall within the safe harbor exclusion established by the Department of Labor;[2] and

---

[2] The "safe harbor exclusion" provides that a group insurance policy is not governed by ERISA if *all* of the following four criteria are met: "(1) the employer does not contribute to the plan; (2) participation is voluntary; (3)

GHS PROPERTY & CASUALTY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - 5
532879.1
5

(3)     it meets the ERISA requirement of establishment or maintenance by an employer
of the purpose of benefiting the plan participants.

*Id.* (citing *Meredith v. Time Ins. Co.*, 980 F.2d 352, 355 (5th Cir. 1993)).  In this instance, all of

the above requirements are met by the Plan.  Therefore, the Policy at issue is clearly an ERISA

plan.

### 3.     *Plaintiff's Claims "Relate To" the Plan*

The second part of the test establishes that Plaintiff's state law claims "relate to" the

relevant ERISA Plan.  Consistent with the purpose of ERISA, the term "relates to" should be

construed expansively and given the broadest possible reasonable interpretation.  *Shaw v. Delta*

*Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983); *see also Metropolitan Life Ins. Co. v. Massachusetts*,

471 U.S. 724, 739 (1985); *NGS American*, 998 F.2d at 298.  A law "relates to" an employee

benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a

plan.  *Shaw*, 463 U.S. at 97; *Hogan v. Kraft Foods*, 969 F.2d 142, 144 (5th Cir. 1992).

Accordingly, state law may be preempted even if it does not specifically concern subjects

covered by ERISA.  *Shaw*, 463 U.S. at 98-100.

The United States Supreme Court explained, in the controlling case of *Pilot Life*

*Insurance Co. v. Dedeaux*, that "ERISA's civil enforcement remedies were intended to be

exclusive."  481 U.S. 41, 54 (1987).  Indeed, "the policy choices reflected in the inclusion of

certain remedies and the exclusion of others under the federal scheme would be completely

undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under

state law that Congress rejected in ERISA."  *Id.*; *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S.

58, 64-65 (1987).  For that reason, the Supreme Court conclusively held that ERISA "pre-empts

state common law tort and contract claims asserting improper processing of a claim for benefits

---

the employer's role is limited to collecting premiums and remitting them to the insurer; and (4) the employer
received no profit from the plan." *McNeil v. Time Ins. Co.*, 205 F.3d 179, 189 (5th Cir. 2000).

under an insured employee benefit plan," including breach of contract, breach of fiduciary duty, and fraud in the inducement. *Pilot Life*, 481 U.S. at 43; *and see Hermann Hosp. v. MEBA*, 845 F.2d 1286, 1291 (5th Cir. 1988).

Applying the reasoning used by the Supreme Court in *Pilot Life*, the United States Court of Appeals for the Fifth Circuit has repeatedly and consistently held that Texas common-law claims for breach of contract, unfair settlement practices, breach of the duty of good faith and fair dealing, and negligent misrepresentation are preempted by ERISA, as are claims for violations of the DTPA and Texas Insurance Code, including the unfair and untimely processing of claims. *Ellis v. Liberty Life Ins. Assurance Co. of Boston*, 394 F.3d 262, 274-278 (5th Cir. 2004); *McNeil v. Time Ins. Co.*, 205 F.3d 179, 191 (5th Cir. 2000); *Barrientos v. Reliance Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir. 1990); *Ramirez v. Inter-Continental Hotels*, 890 F.2d 760, 763-764 (5th Cir. 1989); *and see St. Luke's Episcopal Hosp. Corp. v. Stevens Transport, Inc.*, 172 F. Supp. 2d 837, 844 (S.D. Tex. 2001) (statutory claims for Unfair Claim Settlement Practices preempted by ERISA).   Moreover, a claim falls squarely within the scope of ERISA when it is either a claim "to recover benefits due to him under the terms of his plan" or a claim "to enforce his rights under the terms of the plan." *Arana v. Ochsner Health Plan*, 338 F.3d 433, 438 (5th Cir. 2003) (quoting ERISA § 502(a)(1)(B)).

Here, Plaintiff's claims, regardless of the headings or phrases used in the Amended Original Complaint, fall squarely within the scope of ERISA, as those are claims to either recover benefits allegedly due to him under the terms of the Plan or to enforce his alleged rights under the terms of the Plan. *Arana v. Ochsner Health Plan*, 338 F.3d 433, 438 (5th Cir. 2003) (citing ERISA § 502(a)(1)(B)).   Therefore, the state law claims asserted by Plaintiff are completely preempted by ERISA and must be dismissed.

C.      **Regardless, the Civil Enforcement Remedies of ERISA are Exclusive**

Among other things, Plaintiff seeks medical expenses, payment of medical bills, and attorney's fees. Each of these damage claims is completely preempted by ERISA. Even if the state laws at issue in this case survived ERISA preemption (which they do not), the remedies they provide are nevertheless preempted as remedies that are inconsistent with ERISA's exclusive civil enforcement provisions. *Cathey*, 805 S.W.2d at 391 (citing *Pilot Life*, 481 U.S. at 51-57). Because the civil enforcement remedies set forth in ERISA are intended to be exclusive, the ERISA civil enforcement scheme may not be supplemented by state law remedies. Plaintiff's claims, without exception, "relate to" an ERISA-regulated employee welfare benefit plan. Therefore, the remedies claimed are preempted by ERISA and should be dismissed.

D.      **Plaintiff's Claims Should Be Dismissed Because**
        **GHS Property & Casualty is Not a Proper Party to This Case**

Plaintiff has no cognizable basis to assert a claim against GHS Property & Casualty. ERISA Section 502(d)(2) specifies that money judgments for employee benefits are enforceable "only against the plan as an entity." 29 U.S.C. § 1132(d)(2). In addition, the Fifth Circuit has expanded the limits of § 502(d)(2) and held that, under certain circumstances, a "plan administrator or sponsor" may also be a proper party defendant. *Musmeci v. Schwegmann Giant Super Markets, Inc.*, 332 F.3d 339, 349 (5th Cir. 2003). *See also Layes v. Mead Corp.*, 132 F.3d 1246, 1249 (8th Cir. 1998); *Garren v. John Handcock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997) ("The proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan"). Thus, in this circuit, the only proper defendants in a claim for benefits under ERISA are the Plan, the Plan administrator, and the Plan sponsor. *Musmeci*, 332 F.3d at 349. *See also Mello v. Sara Lee Corp.*, 292 F. Supp. 2d 902, 906-07 (N.D. Miss. 2003).

Plaintiff here does not contend anywhere (as he cannot) in his Amended Original Complaint that GHS Property & Casualty is a "Plan,"[3] a "Plan administrator,"[4] or a "Plan sponsor,"[5] as those terms are defined by ERISA. GHS Property & Casualty merely insures the benefits. Accordingly, GHS Property & Casualty is not a proper party defendant and it should be dismissed from this action with prejudice. *See Musmeci.*, 332 F.3d at 349; *Layes*, 132 F.3d at 1249; *Garren*, 114 F.3d at 187; *Mello*, 292 F. Supp. 2d at 906-07.

**E.     Alternatively, Texas' Two-Year Statute of Limitations Expired Before Plaintiff filed his Action Against GHS Property & Casualty**

This case is before the Court on federal question jurisdiction, but the sole cause of action (*i.e.*, negligence) alleged against GHS Property & Casualty is based on Texas state law. Should the Court decline to dismiss this case on the ERISA provisions outlined above, Texas' statutes of limitations for state law claims and case authority interpreting those statutes will apply because the Court is situated in Texas. *See, e.g. Ellis v. Great Southwestern Corp.*, 646 F.2d 1099, 1103, 1111 (5th Cir. 1981).

**1.     *Sanders' Claims are Subject to Texas' Two-Year Limitations Period***

In Texas, the statute of limitations for personal injury claims is two years. TEX. CIV. PRAC. & REM. CODE § 16.003(a) (requiring that a person bringing suit for "trespass for injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, personal injury, forcible entry and detainer, and forcible detainer not more than two years after the day the cause of action accrues"); *Schaefer v. Gulf Coast*

---

[3] ERISA defines an "employee welfare benefit plan" as "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) . . . benefits in the event of sickness, accident, disability, death or unemployment . . . ." 29 U.S.C. § 1002 (1)(A).

[4] In this instance, the Plan "administrator" is "the person specifically so designated by the terms of the instrument under which the plan is operated." 29 U.S.C. § 1002(16)(A)(i).

[5] Under ERISA, "the term 'plan sponsor' means (i) the employer in the case of an employee benefit plan established or maintained by a single employer." 29 U.S.C. § 1002(16)(B).

*Regional Blood Center*, 10 F.3d 327, 331 (5th Cir. 1994) ("In Texas, causes of action for personal injuries are governed by a two-year statute of limitations, which specifically provides in pertinent part that 'a person must bring suit for … personal injury … not later than two years after the day the cause of action accrues.'").  Sanders only asserts claims against GHS Property & Casualty for negligence. A federal court gives effect to the state's tolling provisions. *Slack v. Carpenter*, 7 F.3d 418, 419 (5th Cir. 1993).  This claim is for personal injury, and is therefore subject to the two-year limitations period under § 16.003(a).  *See Potter v. Kaufman & Broad Home Sys. of Tex., Inc.*, 137 S.W.3d 701, 705 (Tex. App. – San Antonio 2004, no pet.) (applying two-year statute of limitations to a negligence claim).

### 2.  *Sanders' Claims Accrued on February 1, 2007 and Expired on February 2, 2009*[6]

In Texas, a cause of action accrues "when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996).

All of the events on which Sanders bases his claims against GHS Property & Casualty occurred on February 1, 2007.  He does not allege any incident that occurred later than this date. Even if all the damages resulting from the events of February 1, 2007, had not yet occurred, the cause of action accrued, under Texas law, on February 1, 2007.  *See S.V.*, 933 S.W.2d at 4. Consequently, under section 16.003, Sanders must have filed his negligence claims no later than February 2, 2009.  *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a); *see also Medina v. Lopez-Roman*, 49 S.W.3d 393 (Tex. App. – Austin 2000, pet denied) (stating that the computation begins with the date upon which the event occurred and expires on the same date, two years later); *Fisher v. Westmont Hospitality*, 935 S.W.2d 222, 226 (Tex. App. – Houston [14 Dist.]

---

[6] January 31, 2009, fell on a Saturday.

1996, no writ) (same) (citing *Seibert v. General Motors Corp.*, 853 S.W.2d 773, 777 (Tex. App. – Houston [14th Dist.] 1993, no writ) (when accident occurred on May 29, 1976, two-year limitations period expired on May 29, 1978); *Seibert v. Sally*, 238 S.W.2d 266, 267 (Tex. Civ. App. – Galveston 1951, no writ) (when note was dated September 26, 1945, four-year limitations period expired September 26, 1949)).

It is undisputed, as reflected in the chart above, that Sanders' two-year statute of limitations began on February 1, 2007 and expired on February 2, 2009. It is also undisputed that he did not file his cause of action against GHS Property & Casualty before February 2, 2009. Instead, as is further undisputed, he waited until February 8, 2010. Because Sanders' claims were not filed within the applicable statute of limitations period, all of his claims fail as a matter of law. *See Stewart*, 2008 WL 4454048, at *2-*3.

### 3.    *Plaintiff's Complaint Does Not Relate Back*

Sanders may argue that the filing of the Amended Original Complaint related back to some date before the limitations period expired. This argument, if made, fails for two reasons. First, there is no basis alleged in the Amended Original Complaint for a relation-back argument. Under Rule 12(b)(6), Sanders' Complaint must allege a specific basis for tolling to avoid dismissal by application of Texas' two-year limitations period. *See Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) ("A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like."); *see also Stewart*, 2008 WL 4454048, at *2-*3 (dismissing complaint because no basis pleaded in complaint to avoid statute of limitations); *Linam*, 225 F.Supp. 2d at 736 (dismissing case due, in part, to plaintiff's complaint

negating a tolling argument made in response to motion to dismiss).  Sanders' Complaint fails to allege any basis for avoiding dismissal.

Second, Texas Civil Practice & Remedies Code Chapter 16 (which sets out the limitations period) has its own relation-back statute.  *See* TEX. CIV. PRAC. & REM. CODE § 16.068.  A federal court applying a state statute of limitations gives effect to the state's tolling provisions. *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992).  According to one Texas court of appeals, section 16.068 "is a *tolling statute* that stops the clock at the time that the original petition is filed, if filed within the limitations period, but cannot toll a time period already expired." *Lovato v. Austin Nursing Center, Inc.*, 113 S.W.3d 45 (Tex. App. -- Austin 2003)(emphasis added), *aff'd*, 171 S.W.3d 845 (Tex. 2005).  Courts have rejected arguments to expand this statute to permit relation-back for new parties. *Alexander v. Turtur & Assocs.*, 146 S.W.3d 113, 121 (Tex. 2004) ("ordinarily, an amended pleading adding a new party does not relate back to the original pleading.").

The Texas relation back doctrine will not save Sanders' claims in this case.  The Texas personal injury statute of limitations does not provide for relation back when new parties are added. *See Kopecki v. City of Corpus Christi*, 2007 U.S. Dist. LEXIS 6513 (S.D. Tex.) *16. Under Texas law, an amended petition does not "relate-back" to an earlier petition as to a new defendant that was not named in the petition that was filed before the limitations period expired. *See Cothrum Drilling Co. v. Partee*, 790 S.W.2d 796, 800 (Tex. App.-- Eastland 1990) ("[Section] 16.068] does not authorize the addition of new defendants after the claims against them have been barred by limitations."); *Alexander v. Turtur & Assocs.*, 146 S.W.3d 113, 121, 47 Tex. Sup. Ct. J. 992 (Tex. 2004) ("an amended pleading adding a new party does not relate back to the original pleading"); *Ramos v. Levingston*, 536 S.W.2d 273, 275 (Tex. Civ. App.

1976) ("the general rule is that where a party defendant is added to a suit by amended pleading, the statute of limitations is tolled as to him at the time he is brought into the suit, not when the original pleading was filed."). As such, Sanders' claims against GHS Property & Casualty are barred by limitations and must be dismissed.

## F.   No Grounds for Tolling

### 1.   *No Pleaded Basis for Tolling*

Sanders' Complaint also fails to plead any basis for tolling. Therefore, Sanders cannot respond to this motion with the argument that the statute should be tolled for any reason. Consequently, his Complaint should be dismissed. *See Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003); *see also Kansa Reinsurance v. Congressional Mortg. Corp.*, 20 F.3d 1362, 1366-70 (5th Cir. 1994) (dismissing, under Rule 12(b)(6), a claim as time barred where the claim was clearly filed after the applicable statute of limitations had run and where it was evident from the pleadings that the plaintiff was not entitled to the benefit of the discovery rule).

### 2.   *No Basis for Equitable Tolling*

Aside from Sanders' failure to plead a basis for tolling, it is further evident that any argument for equitable tolling would be foreclosed by Sanders' lack of diligence. Equitable tolling is justified only in rare and exceptional circumstances. *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002). It is not intended for those who "sleep on their rights." *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). Sanders "slept" on his rights, if any, for over three years. He is thus unable to avail himself of any equitable tolling argument. *See id.*

## IV.  CONCLUSION

As a matter of law, Sanders' state law claims in this case are entirely preempted by ERISA. Furthermore, GHS Property & Casualty is not a proper party to this lawsuit.

Alternatively, Texas' two-year statute of limitations for Sanders' negligence claim expired on February 2, 2009. Sanders filed his cause of action against GHS Property & Casualty almost one year after the limitations period expired, and over three years after his claim accrued. His claim against GHS Property & Casualty is time-barred. He failed to plead any basis for tolling. The Court should grant this Motion and dismiss Sanders' claim against GHS Property & Casualty in its entirety.

## V. **PRAYER**

**WHEREFORE, PREMISES CONSIDERED,** GHS Property & Casualty prays that Court grant its Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim and order that Plaintiff's claims against GHS Property & Casualty be dismissed, that all costs are taxed against Plaintiff, and for such other relief to which GHS Property & Casualty may show itself justly entitled.

Respectfully submitted,

By:     /s/ E. Stratton Horres, Jr.
E. Stratton Horres, Jr.
State Bar No. 10011800
Lee L. Cameron, Jr.
State Bar No. 03675380

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
Bank of America Plaza
901 Main Street
Suite 4800
Dallas, Texas 75202
Telephone: (214) 698-8000
Facsimile: (214) 698-1101

ATTORNEYS FOR DEFENDANT
GHS PROPERTY & CASUALTY
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record pursuant to the Federal Rules of Civil Procedure, on the 19th day of April, 2010.

*/s/ E. Stratton Horres, Jr.*
_____
E. Stratton Horres, Jr.
